UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

STACEY LYNN SINGH,  No. 11-11079

                      Debtor(s).
_____/
STACEY LYNN SINGH,

                      Plaintiff(s),

      v.  A.P. No. 11-1172

JILMMY L. LEE, et al.,

                      Defendant(s).
_____/

Memorandum After Trial
_____

    Prior to the bankruptcy of Chapter 7 debtor and plaintiff Stacey Singh, defendant Jimmy Lee obtained a state court judgment against Singh and assigned it for collection to defendant Creditors Trade Association, which garnished Singh's wages. When Singh filed her bankruptcy petition on March 27, 2011, CTA terminated the garnishment.

    When the bankruptcy was filed, a discovery motion was pending in state court against Singh. On May 24, 2011, in the absence of appearance by either side, the court granted the motion and awarded $640 in sanctions against Singh. On June 2, 2011, an employee of CTA mailed a copy of the state court order on Singh. CTA acknowledges that this was done by mistake and that it violated the

1

automatic stay of § 362 of the Bankruptcy Code. Section 362(k)(1) of the Code gives an individual debtor a private right of action for violating the automatic stay.

On June 15, 2011, Singh's counsel commenced this adversary proceeding. He made no attempt to contact CTA's counsel before doing so. On the same date, he filed a motion in state court seeking sanctions against CTA for violating the automatic stay. On August 2, 2011, the state court noted that its prior order had been amended to exclude Singh and awarded Singh $640 in sanctions.

There is no doubt that by mistake CTA violated the automatic stay and that the violation caused Singh some anguish. However, the court did not understand why her counsel did not attempt to resolve the matter with a phone call to CTA's counsel or, if litigation was called for, why he did not seek the immediate injunctive relief which this court routinely grants. Under questioning by the court, Singh's counsel admitted that there are other defendants in the state court proceeding whom he also represents, and that it was in their best interest to bring the matter before the state court in order to paint CTA in an unfavorable light as being overly aggressive in its collection tactics.

Singh argues that she is entitled to recover damages for mental anguish suffered for some time after the mistaken service. However, it is clear that if she suffered anguish for any period of time beyond a day or two it was because her counsel made a decision to prolong any uncertainty due to his desire to benefit his other clients. Setting aside the ethical problems with this decision, Singh cannot claim damages for anguish caused by her own counsel's decision.

There is certainly an argument that the state court's decision precludes this action; pursuant to 28 U.S.C. § 1334(b), the federal courts have original but not exclusive jurisdiction over cases arising under the Bankruptcy Code. However, given the small amounts involved the court will treat the state court sanction which CTA paid to be a credit and not a bar.

The court finds that the action by CTA's employee, while a mistake, was an intentional act taken by a creditor with knowledge of the automatic stay. The act caused some mental anguish to Singh which could have been quickly eased by her counsel, who elected not to do so for improper reasons. The court fixes Singh's damages at $1,200 and deducts the $640 paid pursuant to the state

2

court order. Singh has not proved entitlement to any other damages or attorneys' fees. Accordingly, she shall have judgment in the amount of $560. Each side shall bear its own costs.

Counsel for CTA shall submit an appropriate form of judgment forthwith. The Clerk shall send a copy of this Memorandum to the Honorable Mark Tansil, Judge of the Sonoma County Superior Court .

Dated: January 6, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge